IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**KENNETH WAYNE MAVINS,**

    **Plaintiff,**

vs.                                                                          CASE NO. 1:07CV241-MP/AK

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.     PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on August 19, 2005, alleging a disability onset date of August 3, 2004, because of back, knee and hip pain, and obesity. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who

conducted a hearing on February 12, 2007, and entered an unfavorable decision on June 6, 2007.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.     FINDINGS OF THE ALJ**

The ALJ found that although severe within the meaning of the regulations, Plaintiff's impairments do not meet any of the listing requirements and he retains the functional capacity to perform a full range of sedentary work.  Using the Medical-Vocational Guidelines, the ALJ found that significant numbers of jobs existed in the national economy which Plaintiff could perform.  The ALJ found Plaintiff's allegations of pain and limitation were not entirely credible because his medical treatment had always been conservative and sporadic, no treating source had limited him from work activity, and he described daily activities inconsistent with total disability in that he reportedly did all the cooking, took care of all his personal needs, and did all the housekeeping, and shopped a little.

**C.     ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in rejecting Plaintiff's testimony regarding his level of pain; and the ALJ erred in applying the Guidelines because Plaintiff cannot perform a full range of sedentary work.

The government responds that the ALJ fully articulated his reasons for not fully accepting Plaintiff's allegations about his pain and limitation, and the only treating source who offered an opinion about his exertional limitations opined that he could lift up to 30 pounds and this easily allows Plaintiff to perform the sedentary levels of work.

**No. 1:07CV241-MP/AK**

Also, there was no medical evidence to support severe non-exertional limitations to preclude use of the guidelines.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the

**No. 1:07CV241-MP/AK**

Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?
2. Does the individual have any severe impairment?
3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

**No. 1:07CV241-MP/AK**

    4.    Does the individual have any impairments which prevent past relevant work?

    5.    Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**E.**    **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Medical records consist of two consultative examinations by Dr. Greenberg on December 4, 2005, and April 3, 2006, who found decreased range of motion in the lumbar spine, pain in the lumbar spine, no spasm, and suggested that he had "severe low back pain, probably secondary to lumbar disc disease," and "probably osteoarthritis of the hips and right knee." (R. 132-133, 137-138). Mild to moderate osteoarthritis of the left and right hip, respectively, was confirmed on x-ray with "some corner spurring at

**No. 1:07CV241-MP/AK**

L2-L3" and "mild to moderate degenerative changes" to right knee. (R. 136, 139). Plaintiff is 6'2" and weighs around 300 pounds. (R. 132, 137).

Dr. Leber began treating him on September 28, 2006, and he found him to be in some discomfort with functional motion in the spine and knees. (R. 168-169). X-rays found only minor right knee degenerative changes, and early degenerative disc change. (R. 163-164. His other diagnoses were chronic low back pain and calluses on his feet. (R. 162-163). The plan was that he needed to lose weight, engage in physical therapy to increase mobility, get his feet taken care of, and to avoid repetitive squatting, kneeling, crouching or lifting over 30 pounds, but this should improve with therapy. He was not to change his over the counter medications, but there was no recommendation for surgery or any other treatment. (R. 163).

Two functional assessments are in the file assessing him at a light level of activity, no sit/stand option, with occasional postural limitations. (R. 124-131, 142-149). He was discharged from physical therapy after only one exercise session because he was unwilling to continue after one cancellation and one no-show. (R. 150-155).

## F. SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff appeared at the hearing pro se. (R. 23). Plaintiff was born in 1961 and received his GED. (R. 31). His most recent medical treatment was with Dr. Lambert[1] at vocational rehabilitation and the ALJ agreed to obtain these latest records. (R. 31-32). He has also had recent surgery on his feet for "spurs." (R. 33). His last day of work

---

[1] The medical records show that this doctor's name is Leber.

**No. 1:07CV241-MP/AK**

was August 4, 2004, when his back went out and he went to the hospital. (R. 36). He was given a lay off of 3 days, but did not file a workers compensation claim because nothing happened on the job, "it just come from years of working." (R. 37). He went to the emergency room twice at this time, but could not afford the prescriptions they wrote for him. (R. 38). **[Shands Hospital had no record of these visits (R. 122-123)]**. His problems are his back, his feet, his knee, and now his right shoulder. (R. 39). His back pain began from a gunshot wound over twenty years ago when they removed a bullet from his spine. (R. 39). He got a piece of glass in his knee about five years ago, but had no surgery on it. (R. 40). His right shoulder was injured in high school nearly twenty years ago. (R. 40). His neck was injured about 8 years ago when he ran from the police and they ran him down and cuffed him. (R. 42). He lives with his sister and does her laundry, the yard work, and he brings in groceries with some difficulty. (R. 43). He contends that Dr. Leber suggested surgery and took some x-rays. (R. 47).

**G.    DISCUSSION**

    a)    Credibility regarding Pain

An ALJ has "wide latitude" in evaluating the weight of evidence, particularly the credibility of witnesses. Owens v. Heckler, 748 F.2d 1511, 1514 (11th Cir. 1984). An ALJ may properly find subjective complaints not credible so long as he articulates reasons that are supported by the record. Jones v. Department of HHS, 941 F.2d 1529 (11th Cir. 1991). A clearly articulated credibility finding with substantial supporting evidence in the record should not be disturbed by a reviewing court. Foote v. Chater,

**No. 1:07CV241-MP/AK**

67 F.3d 1553, 1562 (11th Cir. 1995); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986); Sellers v. Barnhart, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Factors that are properly considered in assessing a Plaintiff's allegations of pain are his daily activities, Harwell v. Heckler, 735 F.2d 1292, 1293 (11th Cir. 1984), his failure to seek medical treatment, Watson v. Heckler, 738 F.2d 1169, 1173 (11th Cir. 1984), and a doctor's choice of conservative treatment. Wolfe v. Chater, 86 f.3d 1072, 1078 (11th Cir. 1996). Also important to the assessment of pain is whether there is in the record objective medical evidence of a condition that could reasonably be expected to cause the pain alleged. Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986); Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991); Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).

In the present case, the ALJ cited several reasons for his finding which are supported by the record. No treating source suggested anything but conservative treatment. Contrary to Plaintiff's allegation, Dr. Leber did not note in his records a need for surgery, he prescribed physical therapy to increase mobility, which Plaintiff did not participate in. Further, all objective tests showed mild to moderate degenerative changes to areas of injury that Plaintiff had suffered years and in some cases decades before. When a claimant has worked with an impairment over a period of years, the ALJ may properly consider the condition not disabling, absent a showing that the condition had significantly deteriorated. Orrick v. Sullivan, 966 F.2d 368, 370 (8th Cir. 1992); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992). See also Villarreal v.

**No. 1:07CV241-MP/AK**

4

Apfel, 2000 WL 1135547 (S.D. Ala. 2000).  Consequently, the ALJ adequately and properly articulated his reasons for rejecting Plaintiff's subjective allegations of pain and this Court will not disturb those findings upon review.

    b)    <u>Use of the Guidelines</u>

Pain is a nonexertional impairment which, if it significantly limits basic work activities, precludes application of the grids.  See Foote v. Chater, 67 F.3d at 1559.  In the instant case, the ALJ found at step two that Plaintiff had the severe impairments of "back, right knee, and bilateral hip pains, and obesity."  (R. 17).  However, even acknowledging that Plaintiff had some degree of pain, the ALJ found that it did not preclude all work activity, and giving Plaintiff the benefit of the doubt, he concluded that he could perform sedentary work, even though the functional assessment of Dr. Leber and two state agency physicians found him capable of light to medium levels.

The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level."  Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).

**No. 1:07CV241-MP/AK**

The medical record does not support a finding that Plaintiff suffers from pain so severe as to prevent him from a full range of sedentary type jobs, and having sufficiently articulated reasons for rejecting the only basis for finding such severity, Plaintiff's subjective complaints, the ALJ was not required to consider pain as a non-exertional impairment precluding use of the guidelines.  Thus, there is no merit to this ground either.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **12th** day of March, 2009.

    *s/ A. KORNBLUM*
    **ALLAN KORNBLUM**
    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV241-MP/AK**